**Gideon Orion Oliver**

—ATTORNEY AT LAW—

He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office:** (718) 783-3682
**Signal:** (646) 263-3495
**Fax:** (646) 349-2914*

*Not for service

March 10, 2023

**BY ECF**
Hon. Lewis A. Kaplan
Hon. Jennifer H. Rearden
United States District Court, Southern District of New York

Re:   *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (JHR)
      *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)

Your Honors:

I am co-counsel for Plaintiffs in these cases, which have been consolidated for discovery and discovery-related pretrial proceedings. Plaintiffs seek an order compelling Defendants to comply with their discovery obligations by providing overdue initial disclosures and timely discovery responses as well as by scheduling depositions, directing Defendants to meet and confer with Plaintiffs' counsel about confidentiality and unsealing orders, and providing for such other and further relief as the Court deems just and proper. Counsel for the parties met and conferred about these disputes on March 9, 2023 and we were not able to resolve them.

By way of background, the six *Britvec* and *Casablanca-Torres* Plaintiffs were injured and arrested on June 3, 2020 by New York City Police Department ("NYPD") members while attending the same Black Lives Matter demonstration near Gracie Mansion in Manhattan. Both Complaints name a number of high-level New York City and NYPD officials, who are also named as Defendants in the Consolidated Actions. In both the *Britvec* and *Casablanca-Torres* cases, one Defendant – NYPD Officer Ryan Costello – was assigned to process the arrests of the named Plaintiffs, and he is a main "line officer" in common in both cases, who processed their arrests and eventually swore out charges against them.

Although Mr. Casablanca's beating and arrest were caught on video, despite having taken diligent steps to learn the identities of the NYPD members involved who are named as John Does 1-3 in the First Amended Complaint (*Casablanca-Torres* ECF 32), Mr. Casablanca has not been able to identify them. Additionally, upon information and belief, John Doe 1 identified in the *Britvec* Complaint is the same person as *Casablanca-Torres* Doe 1. Like Mr. Casablanca, Mr. Britvec has also taken diligent steps to learn his identity, to no avail. For example, in, 2021 and 2022, Both Mr. Britvec and Mr. Casablanca participated in apparently extensive – but ultimately unsuccessful - investigations that were conducted by the Office of the District Attorney of New York County ("DANY"), the NYPD's Internal Affairs Bureau ("IAB"), and/or the City's Civilian Complaint Review Board ("CCRB").

During the course of the DANY/IAB investigations, counsel learned that DANY and/or the IAB had likely, if not conclusively, identified the *Casablanca-Torres* Does 2-3, and that they had developed substantial evidence toward identifying – but ultimately could not identify – Doe 1. DANY closed its investigations related to Mr. Britvec and Mr. Casablanca in August of 2022 without identifying Doe 1 and without bringing any charges.

In December of 2021, the Court scheduled a joint initial pretrial conference in both matters, which took place in January of 2022. *See Britvec* ECF 7; *Casablanca-Torres* ECF 10. In advance of that initial pretrial conference, the parties conferred in compliance with Fed.R.Civ.P. 26(f).[1] Following the initial pretrial conference, at the Court's direction, the parties wrote the Court regarding potentially related cases, *see Britvec* ECF 16-18, and the Court consolidated the two cases with each other for discovery and discovery-related pretrial proceedings and urged counsel to coordinate discovery in these actions with discovery in the Consolidated Actions to the extent that such coordination would be helpful and appropriate and to do so without the need for judicial intervention, *see Britvec* ECF 18 (the "Consolidation Order"). In *Casablanca-Torres*, Defendants made a partial motion to dismiss, Plaintiff amended the pleadings, Defendants again made a partial motion to dismiss, and the motion has been fully briefed since October of 2022.

The statute of limitations for bringing suit against the Doe Defendants will run on June 3, 2023. Throughout the past year, Plaintiffs' counsel have been pursuing discovery in the Consolidated Actions regarding the events near the intersection of 3rd Avenue and 50th Street and related investigations. However, none of Plaintiffs' efforts have resulted in, or even brought them closer to, identifying the Doe Defendants in the *Casablanca-Torres* or *Britvec* matters. The most efficient way for Plaintiff to identify the Doe Defendants is to pick up where the DANY, IAB, and CCRB investigations have left off. Indeed, that may be the only way. Of those investigations, upon information and belief, the DANY investigation was the most extensive, and appeared to have encompassed the IAB and CCRB investigations. An IAB Sergeant participated in the DANY investigation. So, in September of 2022, Plaintiffs served subpoenas on DANY seeking DANY's files on their investigations related to Mr. Britvec and Mr. Casablanca. At first, DANY responded that they could locate no such file. After a November 2022 meet and confer, DANY located the relevant files. According to a December 9, 2022 letter from DANY, in August of 2022, DANY had moved to seal "the Grand Jury materials" related to their investigation, including "subpoenas … issued for records maintained by the NYPD Legal Bureau" and that, in addition to seeking an unsealing order as to "the Grand Jury materials," Plaintiffs should pursue other avenues of discovery "such as depositions and other document discovery."

On March 1, 2023, Plaintiffs sought to serve their belated initial disclosures on Defendants, along with interrogatories and document demands, by e-mail. Plaintiffs also asked when Defendants would provide their initial disclosures. When Defendants did not respond to the request for their consent to e-mail service, Plaintiffs served their interrogatories and document demands by mail, as well. On March 2nd, Defendants responded to Plaintiffs' e-mail, stating – incorrectly – that "no Rule 26(f) conference has been scheduled or held in either case" and that "any discovery" in either matter "is premature at this time." Plaintiffs' counsel responded:

---

[1] As seen below, although the parties were required to exchange their initial disclosures within 14 days thereafter under Rule 26(a)(1)(C), all parties appear to have failed to comply with that obligation. However, Plaintiffs provided Defendants with their initial disclosures on March 1, 2023.

As to discovery, the parties have held 26(f) conferences and the Court presided over initial pretrial conferences in both cases. Judge Kaplan's order on relatedness, attached, clearly contemplated that discovery would move forward. There is no discovery stay in place. We need to move forward with discovery, and quickly, particularly as to the Doe Defendants in light of the upcoming statute of limitations. We will be serving notices of deposition seeking testimony in April tomorrow. We also intend to make an application to unseal any records sealed in connection with the grand jury investigation conducted by the Office of the District Attorney of New York County and to unseal any records responsive to our discovery demands that Defendants may claim are subject to sealing under 160.50. To the extent Defendants disagree about moving forward with discovery, we need to raise it with Judge Kaplan and Judge Rearden as soon as possible.

On March 3, 2023, Plaintiffs served notices of deposition seeking testimony from the four individual defendants as well as 30(b)(6) testimony between April 17, 2023 and April 26, 2023.

Defendants have no basis to withhold their initial disclosures or to resist discovery. The parties met and conferred about these discovery disputes yesterday, March 9, 2023, and we are at an impasse. During the parties' meet and confer, they could not articulate one, aside from their insistence that the parties had not yet conducted Rule 26(f) conferences. The reality is that the Rule 26(f) conferences in these cases took place before the January 2022 joint initial pretrial conference and the parties were authorized to begin discovery thereafter under Fed.R.Civ.P. 26(d)(1). Since then, Plaintiffs have been conducting discovery consistent with the Consolidation Order. However, on Plaintiffs' view, the time has now come to push to identify the Doe Defendants and to conduct the other discovery directly related to Plaintiffs' experiences in these cases. That cannot happen while Defendants refuse to acknowledge that discovery in these cases is ongoing, that there is no stay in place, and that they are obligated to provide their overdue initial disclosures, complete responses to Plaintiffs' interrogatories and document demands that Plaintiffs delivered by e-mail on March 1, 2023 and served by mail on March 3, 2023, to produce the 30(b)(1) and 30(b)(6) witnesses noticed, and to confer meaningfully with Plaintiffs' counsel about potential confidentiality and unsealing orders.

The discovery in question is now time-sensitive in light of DANY's refusal to produce any records at this time, the fast-approaching June 3, 2023 statute of limitations, and the fact that, although the City has conducted or participated in extensive investigations as a result of which the City has apparently identified several of the Doe Defendants in these cases, the City has not yet identified them or provided any discovery in this case. Plaintiffs therefore now seek an order compelling Defendants to comply with their discovery obligations by providing overdue initial disclosures and timely responses to Plaintiffs' outstanding interrogatories and document demands served by mail on March 3, 2023, as well as by scheduling depositions in response to Plaintiffs' notices served by mail on March 3, 2023, directing Defendants to meet and confer with Plaintiffs' counsel about confidentiality and unsealing orders, and providing for such other and further relief as the Court deems just and proper. The parties thank the Court for the Court's attention to these matters.

Respectfully submitted,

/S/

Gideon Orion Oliver