# Gideon Orion Oliver

—ATTORNEY AT LAW—

He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office:** (718) 783-3682
**Signal:** (646) 263-3495
**Fax:** (646) 349-2914*

*Not for service*

May 26, 2023

**BY ECF**
Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York

Re:     *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)
        *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)

Your Honor:

I am co-counsel for Plaintiffs in these cases, which have been consolidated for discovery and discovery-related pretrial proceedings. Plaintiffs write for three reasons: First, to provide the Court with the parties' proposed discovery schedule, a copy of which is attached as Exhibit 1, and ask that the Court adopt it in these cases. Second, to request that the Court either enter a tolling order with respect to the June 3, 2023 statute of limitations that would otherwise be applicable to Plaintiffs' federal claims, or rule that such an order is not necessary in light of the toll recognized in *Bell v Saunders,* 2022 US Dist. LEXIS 101994, at *13 (NDNY June 8, 2022) and elsewhere, by formally recognizing that toll in this matter. And, third, to oppose Defendants' application (*see Britvec* Dkt. 25; *Casablanca-Torres* Dkt. 73) for additional time within which to answer Plaintiffs' interrogatories and document demands, which Plaintiffs served on March 2, 2023, if there is no recognition of the toll or tolling order entered. Much of the relevant factual and procedural background is set forth in Plaintiffs' March 10, 2023 letter motion seeking to compel Defendants to respond to their March 2, 2023 interrogatories and discovery demands, and Plaintiffs will not repeat it here. *See Britvec* Dkt. 22; *Casablanca-Torres* Dkt. 69.

**As to the status of discovery**, the motion to compel sets out Plaintiffs' understanding and position. While Defendants assert that the Court stayed discovery pending the Court's determination of Defendants' motion to dismiss in *Casablanca-Torres*, Defendants made no application to stay discovery, the Court entered no order staying discovery, and it was, and is, Plaintiffs' understanding that the Court did not stay discovery. Although the Court denied Plaintiff's application in *Britvec* on March 16, 2023, without explanation, and Plaintiff's application in *Casablanca-Torres* on May 26, 2023, as moot in light of the Court's opinion dated April 4, 2023 (Dkt. 71), Plaintiffs did not read those orders to mean that the Court had stayed discovery, or that Defendants were relieved from their obligations under the Federal Rules of Civil Procedure to provide timely responses to the March 2, 2023 interrogatories and document demands. *See Britvec* Dkt. 24 and *Casablanca-Torres* Dkt. 72. Relatedly, if the Court has stayed discovery, Plaintiffs ask that the Court formally lift any such stay.

That said, the parties have conferred, and respectfully request that the Court enter the proposed discovery schedule attached as Exhibit 1 in both matters.

**On the statute of limitations and related tolling issues**, first, while Defendants say it is "curious" that Plaintiffs have not moved for a tolling order since the parties talked on May 12, 2023, Defendants have only told the Court part of the story, omitting subsequent events. On the May 12, 2023 call, the parties did not discuss the decision in *Bell v Saunders*, 2022 US Dist. LEXIS 101994, at *13 (NDNY June 8, 2022). After that call, on May 18, 2023, in response to motions for tolling orders Plaintiffs' counsel filed on behalf of other parties in other cases, after considering *Bell*, counsel from the Law Department stipulated that, "for substantially the reasons explained in" *Bell*, the statute of limitations was tolled until November 5, 2023, and the Court subsequently "so ordered" the stipulation. An example is attached as Exhibit 2. Therefore, on May 24, 2023, Plaintiffs' counsel wrote defense counsel, citing *Bell* as "authority that the COVID-19 toll between March and November of 2020 is applicable to the 1983 claims in play here," noting the recent "precedent in state court cases where the City has stipulated that the statute of limitations is tolled according to the COVID toll, and the Court's so ordering the stipulation," asking if the City would enter into a similar stipulation here, and requesting a response no later than today. Yesterday, defense counsel provided that response – that Defendants would not.

On the substance of the statute of limitations issue, ordinarily the statute of limitations for Plaintiffs' federal claims brought pursuant to § 1983 in New York arising from events on June 3, 2020 would run on June 3, 2023. However, then-Governor Andrew Cuomo enacted a toll between March and November of 2020 to account for the effect COVID-19. Some courts have found that toll is picked up by § 1983 along with the general tort statute of limitations. *See, e.g., Bell v Saunders*, 2022 US Dist LEXIS 101994, at *13 (NDNY June 8, 2022); *see also, e.g., McDonald v City of NY*, 2022 US Dist LEXIS 84310, at *5-10 (EDNY May 10, 2022) (citing and collecting cases); *D.S.R. v NY City Dept. of Educ.*, 2023 US Dist LEXIS 25123, at *10 (SDNY Feb. 14, 2023) (citing and collecting cases). As the *Bell* Court reasoned: "On March 7, 2020, New York State Governor Andrew Cuomo issued Executive Order 202, declaring a disaster emergency for the State of New York due to the COVID-19 pandemic." *Bell*, 2022 US Dist LEXIS 101994, at *8, *citing* 9 N.Y.C.R.R. § 8.202. Quickly thereafter, he issued an order stating "any specific time limit" on an action "is hereby tolled from the date of this executive order until April 19, 2020." *Id.* Governor Cuomo subsequently extended that toll — in orders at 9 N.Y.C.R.R. §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.63, 8.202.67 — until November 4, 2020. *Id., citing* § 8.202.72. Section 1983 generally picks up the state's generally applicable tort statute. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); CPLR 214(5). As such, the statute of limitations may run here — with the 153 day toll between June 4, 2023 and November 4, 2023 — on November 5, 2023.

Of course, Plaintiffs' position is that the toll applies, and Plaintiffs have until November 5, 2023 to identify the Does through discovery, and amend the pleadings to name them. However, because Defendants have refused to agree, and jointly propose that the Court endorse their agreement, along the lines of Exhibit 2, Plaintiffs must now ask the Court to either enter a tolling order with respect to the June 3, 2023 statute of limitations related to Plaintiffs' federal claims, or rule that such an order is not necessary in light of the toll.

If the Court does not find that the toll applies as a matter of law, Plaintiffs' application is essentially one for equitable tolling. "The doctrine of equitable tolling allows a court to toll a statute of limitations when a claimant can demonstrate that they have pursued their rights diligently and that some extraordinary circumstance stood in the way of timely asserting their rights." *Chen-Oster v Goldman, Sachs & Co.*, 2021 US Dist LEXIS 212872, at *18 (SDNY Nov. 3, 2021), citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). "Whether equitable tolling applies is determined 'on a case-

by-case basis to prevent inequity'" and "is sometimes necessary as a matter of fairness." *Id.,* quoting *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir.), *cert. denied,* 531 U.S. 968, 121 S. Ct. 404 (2000) and *Phillips v. Generations Family Health Center,* 723 F.3d 144, 150 (2d Cir. 2013) (alterations omitted).

Here, Plaintiffs have pursued their rights diligently, yet extraordinary circumstances have stood in the way of their identifying the Doe Defendants and naming them individually in the litigation. For example, as demonstrated more fully on the docket and in Plaintiffs' letter regarding their proposed motion to compel, *see Britvic* Dkt. 22; *Casablanca-Torres* Dkt. 69, Plaintiffs have diligently pursued identifying the Doe Defendants, including, but not limited to, by filing and pursuing claims soon after the incidents, by filing litigation in New York State Supreme Court prior to the expiration of the statute of limitations as to their claims under New York law, by participating in investigations by the City's Civilian Complaint Review Board ("CCRB") and a joint investigation by the Office of the District Attorney of New York County ("DANY") and New York City Police Department's Internal Affairs Bureau ("IAB") in 2021-2022, and by repeatedly trying to obtain discovery in both these actions, as well as in the cases arising from the summer 2020 protests, that are consolidated for pre-trial purposes before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein under the 20-cv-8924 docket (the "Consolidated Actions"). Some of the extraordinary circumstances that have prevented Plaintiffs from identifying and naming the Doe Defendants to date include the "Investigative Challenges" identified by the CCRB in connection with its investigations into complaints arising from the same summer 2020 protests at issue here. An excerpt of the CCRB's final "June 2020 Protests" report is attached as Exhibit 3.[1] The CCRB summarized those challenges as follows:

> The CCRB faced several challenges investigating protest-related complaints, many of which led to complaints being closed as "Officer Unidentified" because the CCRB could not determine which officers were involved in the alleged misconduct. Chief among these challenges were: (1) the actions NYPD members took to conceal their identities, which prevented them from being identified by complainants, victims, and witnesses; (2) the NYPD's failure to track and document where officers, vehicles, and equipment were deployed; (3) the NYPD's failure to provide dispositive responses to requests for footage from BWCs and other NYPD-controlled cameras that resulted in delayed responses, false positives, false negatives, and inconsistent responses; and (4) investigative delays resulting from officers refusing to be interviewed remotely. Despite these challenges, CCRB investigators pursued every available avenue to obtain evidence and identify as many officers as possible.

*See* Exhibit 3 at p. 12.

Against that backdrop, if the Court does not issue an order recognizing that the Executive Order toll applies in this matter, Plaintiffs ask that the Court issue an order equitably tolling the statute of limitations until Plaintiffs can identify the Doe Defendants through discovery. If it would be helpful to the Court to have a more fulsome record on either prong of the equitable tolling question, Plaintiffs request the opportunity to supplement this application, either through further submissions, at a hearing, at oral argument, or otherwise.

---

[1] The complete report is available online at https://www.nyc.gov/assets/ccrb/downloads/pdf/policy_pdf/issue_based/2020NYCProtestReport.pdf as of May 26, 2023.

       **Next, as to Defendants' application for additional time within which to answer Plaintiffs' interrogatories and document demands (***see Britvec* **Dkt. 25;** *Casablanca-Torres* **Dkt. 73),** if, and only if, the Court does not grant Plaintiffs the relief they seek above related to tolling the statute of limitations, Plaintiffs oppose that application in light of the need to identify the Doe Defendants. Defendants had previously promised Plaintiffs responses by May 31, 2023. Plaintiffs believe meaningful responses from Defendants should identify at least *some* of the Doe Defendants – if not all of them. To the extent Defendants claim they "have been unable to identify any of the John Does in either matter," Plaintiffs' counsel have been told otherwise. As stated in our March 10, 2023 letter, through communications with DANY, "counsel learned that DANY and/or the IAB had likely, if not conclusively, identified the *Casablanca-Torres* Does 2-3, and that they had developed substantial evidence toward identifying – but ultimately could not identify – Doe 1." As to Doe 1, we were informed both that Defendants had identified a witness who believed they could identify him, but would not do so unless compelled, and that there were very few possibilities as to who Doe 1 could be, including because he carried a specific type of gun for which only a few NYPD members are licensed. Therefore, Plaintiffs believe Defendant City knows, or should know, the identities of the Doe Defendants, and we require the discovery sought, in any event, as part of our own investigations into their identities. While Defendants claim "the bulk of plaintiffs' requests relate to the protests at large" and "are improper" and do not relate to identifying the Does, Defendants never asked Plaintiffs about, and the parties never discussed, Defendants' providing responses to some, but not all, interrogatories and document demands, in advance of the June 3rd statute of limitations. It is now too late. And finally, while we disagree that the requests are improper, we respectfully submit those are matters to be addressed in Defendants' objections, if appropriate.

       To summarize, if there is no looming statute of limitations deadline, Plaintiffs have no problem waiting until June 7th for Defendants' responses to Plaintiffs' March 2, 2023 interrogatories and document demands. Otherwise, Plaintiffs require responses in order to identify the Doe Defendants, if possible, in advance of June 3rd.

       Plaintiffs thank Your Honor for the Court's attention to these matters.

                      Respectfully submitted,

                      Gideon Orion Oliver