

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ANDREA OSGOOD**
*Senior Counsel*
phone: (212) 356-2424
fax: (212) 356-3509
aosgood@law.nyc.gov

June 2, 2023

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Britvec, et al. v. City of New York, et al.</u>, 21 Civ. 10759 (LAK)
            <u>Casablanca-Torres v. City of New York, et al.</u>, 21 Civ. 10832 (LAK)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York ("City") and the attorney assigned to the defense of the above-referenced matters. Defendants write in response to plaintiffs' motion for an order tolling the statute of limitations until November 5, 2023. Plaintiffs' motion should be denied in its entirety for the reasons stated herein.

      As an initial matter, the issue of whether tolling applies in these matters is not ripe for adjudication. Put simply, plaintiffs are seeking an order from the Court extending the statute of limitations by 153 days – approximately five months – with the hope that they will be able to amend their complaints at some future time when there is no indication, at this point, that they will be able to do so. Instead, litigating this issue would be more appropriate if and when plaintiffs actually intend to amend the complaints. See <u>Arciello v. Cty of Nassau</u>, 2019 U.S. Dist. LEXIS 161167 at *26-27 (S.D.N.Y. Sept. 20, 2019) (holding that a motion for equitable tolling was not ripe since plaintiffs would only have to seek equitable tolling if the pending motion to strike, which had not yet been decided, was granted).

      Nevertheless, the Court should decline to apply the COVID-19 toll implemented by former Governor Cuomo in state court proceedings. While some courts in this circuit have applied the COVID toll, the Second Circuit has yet to rule on this issue and as such, this Court is not bound

by those decisions.[1] Further, the executive orders passed under the Governor's emergency powers were, by definition, designed to address exigencies unique to New York State and were implemented as a result of widespread state court closures during the pandemic. See Lopez-Motherway v. City of Long Beach, No. 2:20-cv-5652 (BMC), 2021 U.S. Dist. LEXIS 48597 at *20 (E.D.N.Y. Mar. 15, 2021) (explaining that the Governor's authority to toll statutes of limitation for actions brought in state court derives from his emergency power). Importantly, the Southern District of New York remained open for new filings throughout the course of the pandemic. Moreover, it cannot be ignored that plaintiffs were in no way impeded by the pandemic in meeting the statute of limitations – as evinced by the fact that they filed these lawsuits well within the statute of limitations – and they should not be permitted to rely on the tolling orders to obtain more time to amend their complaints. Indeed, it would be patently unfair to defendants to blanketly add an additional 153 days to the statute of limitations as plaintiff urges. "Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-53 (7th Cir. 1990); Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980) ("[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

Plaintiff's reliance on the stipulation entered into in Ugurlu, et al. v. City of New York, et al.– a case pending in Bronx County Supreme Court – is misplaced and unpersuasive. Importantly, as Ugurlu is pending in state court, there is little dispute that the COVID toll should apply there since state court proceedings were explicitly contemplated in then-Governor Cuomo's executive orders. Regardless, a decision in a state court case is not binding on this Court.

The Court should also decline to apply equitable tolling since plaintiffs have failed to demonstrate that they have acted with reasonable diligence and/or encountered an extraordinary circumstance warranting such tolling. "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Watson v. United States, 865 F.3d 123, 132 (2d Cir. 2017). Further, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). Plaintiffs have failed to meet this stringent standard.

Instead, plaintiffs summarily argue that they acted diligently by filing these actions, participating in investigations conducted by CCRB, the New York County District Attorney's Office ("DANY"), and Internal Affairs Bureau and "repeatedly trying to obtain discovery in these actions." It should be noted, however, that approximately six months ago, DANY advised plaintiffs

---

[1] The cases cited to by plaintiff in support of their position that the COVID toll applies – Bell v. Saunders, D.S.R. v. N.Y. City Dept. of Educ., and McDonald v. City of New York – are distinguishable. In those cases, tolling was applied in response to motions to dismiss after plaintiffs amended or attempted to amend the complaint.

that they needed to file a motion to unseal and obtain documents related to DANY's grand jury investigation into the incidents underlying these matters. To date, plaintiffs have not done so despite claiming that DANY was able to identify some of the John Doe defendants. Moreover, that CCRB encountered issues in identifying police officers involved in the 2020 protests is not an extraordinary circumstance warranting equitable tolling.

Accordingly, for the reasons stated herein, plaintiffs' motion for an order tolling the statute of limitations should be denied in its entirety. Thank you for your consideration herein.

Respectfully submitted,

*/s/ Andrea Osgood*

Andrea Osgood
*Senior Counsel*
Special Federal Litigation Division

cc:     All Counsel of Record (via ECF)