**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-2023

# MEMO ENDORSED

May 26, 2023

**BY ECF**
Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York

    Re:    *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)
            *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)

Your Honor:

    I am co-counsel for Plaintiffs in these cases, which have been consolidated for discovery and discovery-related pretrial proceedings. Plaintiffs write for three reasons: First, to provide the Court with the parties' proposed discovery schedule, a copy of which is attached as Exhibit 1, and ask that the Court adopt it in these cases. Second, to request that the Court either enter a tolling order with respect to the June 3, 2023 statute of limitations that would otherwise be applicable to Plaintiffs' federal claims, or rule that such an order is not necessary in light of the toll recognized in *Bell v Saunders*, 2022 US Dist. LEXIS 101994, at *13 (NDNY June 8, 2022) and elsewhere, by formally recognizing that toll in this matter. And, third, to oppose Defendants' application (*see Britvec* Dkt. 25; *Casablanca-Torres* Dkt. 73) for additional time within which to answer Plaintiffs' interrogatories and document demands, which Plaintiffs served on March 2, 2023, if there is no recognition of the toll or tolling order entered. Much of the relevant factual and procedural background is set forth in Plaintiffs' March 10, 2023 letter motion seeking to compel Defendants to respond to their March 2, 2023 interrogatories and discovery demands, and Plaintiffs will not repeat it here. *See Britvec* Dkt. 22; *Casablanca-Torres* Dkt. 69.

    **As to the status of discovery**, the motion to compel sets out Plaintiffs' understanding and position. While Defendants assert that the Court stayed discovery pending the Court's determination of Defendants' motion to dismiss in *Casablanca-Torres*, Defendants made no application to stay discovery, the Court entered no order staying discovery, and it was, and is, Plaintiffs' understanding that the Court did not stay discovery. Although the Court denied Plaintiff's application in *Britvec* on March 16, 2023, without explanation, and Plaintiff's application in *Casablanca-Torres* on May 26, 2023, as moot in light of the Court's opinion dated April 4, 2023 (Dkt. 71), Plaintiffs did not read those orders to mean that the Court had stayed discovery, or that Defendants were relieved from their obligations under the Federal Rules of Civil Procedure to provide timely responses to the March 2, 2023 interrogatories and document demands. *See Britvec* Dkt. 24 and *Casablanca-Torres* Dkt. 72. Relatedly, if the Court has stayed discovery, Plaintiffs ask that the Court formally lift any such stay.

    That said, the parties have conferred, and respectfully request that the Court enter the proposed discovery schedule attached as Exhibit 1 in both matters.

<u>Memorandum Endorsement</u>    <u>Casablanca-Torres v. The City of New York, 21-cv-10832 (LAK)</u>
   <u>Britvec v. The City of New York, 21-cv-10759 (LAK)</u>

Plaintiffs in the above captioned actions, which have been consolidated solely for discovery and discovery-related pretrial proceedings,[1] move for an order tolling the statute of limitations or for a declaration by the Court ruling "such an order is not necessary in light of the toll recognized in *Bell v. Saunders*, 2022 US Dist. LEXIS 101994, at *13 (N.D.N.Y. June 8, 2022) and elsewhere, by formally recognizing that toll in this matter."[2]

Plaintiffs' motion is not ripe at this time and the Court declines to issue an advisory opinion on what Plaintiffs may allege in an amended complaint.[3] Plaintiffs seek an order from the Court extending the statute of limitations period by 153 days in the hope that they may be able to identify one or more of the Doe defendants in their respective cases and amend their complaints to name them.[4] While the Court notes that several courts in this district have concluded that former Governor Andrew Cuomo's Executive Order 202.8 tolls the statute of limitations for § 1983 claims,[5] the issue of whether tolling applies in the actions presently before the Court is not ripe for adjudication, as there are no pending motions for leave to amend plaintiffs' complaints, nor is there any dispute that the claims in plaintiffs' operative complaints are timely. Accordingly, plaintiffs' motion is unripe and denied without prejudice.

Furthermore, defendants' request for an extension of time until June 7, 2023 to respond to plaintiffs' First Set of Interrogatories and Document Requests in both of the above captioned actions (Dkt 73) is denied as moot.

SO ORDERED.

Dated:    July 25, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[1] *See* Dkt 21, at 1.

Unless otherwise stated, all docket references refer to 21-cv-10832 (LAK).

[2] Dkt 74, at 1.

[3] *See Han v. Fin. Supervisory Serv.*, No. 17-cv-4383 (GBD) (BCM), 2017 U.S. Dist. LEXIS 166691, at *12-13 (S.D.N.Y. Oct. 6, 2017) ("[F]ederal courts frequently invoke the advisory opinion rule when declining to provide advance decisions as to discovery or evidentiary disputes which are not yet ripe and which therefore lack the 'clear concreteness provided when a question emerges precisely framed and necessary for decision.'" (quoting *United States v. Fruehauf*, 365 U.S. 146, 157 (1961)); *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 527 (S.D.N.Y. 2015) ("[T]he Court declines to render an advisory opinion on what Plaintiff may allege in an amended complaint.").

[4] Dkt 74, at 2.

[5] *See, e.g., Rich v. New York*, No. 21-cv-3835 (AT), 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022).